STATE OF CONNECTICUT *v.* JAMES Y. HOPE
(12311)

PETERS, C. J., HEALEY, SHEA, F. HENNESSY and BARALL, Js.

Argued April 3—decision released May 5, 1987

---

*C. Robert Satti, Sr.,* state's attorney, with whom, on the brief, was *Michael L. Regan,* deputy assistant state's attorney, for the appellant (state).

*Hubert J. Santos,* for the appellee (defendant).

PER CURIAM. The dispositive issue in this case is whether events have so overtaken the state's appeal that it has become moot. The state charged the defendant, James Y. Hope, in a two count indictment, with the crimes of conspiracy to commit capital felony murder in violation of General Statutes §§ 53a-48 (a)[1] and 53a-54b (2)[2] and capital felony murder in violation of General Statutes §§ 53a-54b (2) and 53a-8.[3] On the first

---

[1] "[General Statutes] Sec. 53a-48. CONSPIRACY. RENUNCIATION. (a) A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy.

"(b) It shall be a defense to a charge of conspiracy that the actor, after conspiring to commit a crime, thwarted the success of the conspiracy, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose."

[2] General Statutes § 53a-54b (2) provides: "CAPITAL FELONY. A person is guilty of a capital felony who is convicted of any of the following . . . (2) murder committed by a defendant who is hired to commit the same for pecuniary gain or murder committed by one who is hired by the defendant to commit the same for pecuniary gain."

[3] "[General Statutes] Sec. 53a-8. CRIMINAL LIABILITY FOR ACTS OF ANOTHER. A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intention-

count, the defendant, after a trial to a jury, was found not guilty. That count is not before us on this appeal. On the second count, the defendant, after the jury had been sworn, filed a motion for dismissal which the trial court granted, with prejudice. The state, with the permission of the trial court, appealed from the dismissal of the second count of the indictment. Because we conclude that the state's appeal is moot, we dismiss the appeal.

The second count of the indictment charged the defendant with having committed the crime of capital felony murder in the following manner. It alleged that, in Waterford and East Lyme, some time between June 1, 1981, and August 9, 1981, one Geraldine Burke had hired John J. McGann, for his pecuniary gain, for the purpose of causing the death of her husband, Donald C. Burke. It charged, further, that "on or about August 9, 1981, in the Town of Waterford . . . the said Donald C. Burke was murdered by a person or persons, including said James Y. Hope, which person or persons with intent to cause the death of Donald C. Burke, caused the death of said Donald C. Burke."

The trial court determined, on the motion of the defendant Hope, after his trial had begun, that this second count should be dismissed for failure to allege the essential elements of the crime of capital felony murder. The court construed § 53a-54b (2) to require that the person who commits the murder be the one hired to commit it. In the absence of an allegation that McGann, the person alleged to have been hired for pecuniary gain, actually participated in the murder directly or through agents acting on his behalf, the trial court concluded that this count of the indictment was facially

ally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender."

defective. The court also concluded that the indictment as to the second count could not be amended to supply the essential element that it had found to be missing, and that no lesser included offense could be charged on a count that was void in its entirety.

During the pendency of the state's appeal from the dismissal of the second count in this case, this court decided *State* v. *McGann,* 199 Conn. 163, 506 A.2d 109 (1986). In that case, the trial court had found John J. McGann guilty of capital felony murder for his role in the murder of Donald C. Burke. The evidence produced at the McGann trial showed that Geraldine Burke had paid McGann $3500 so that one George Rooney would kill her husband. McGann had secretly kept $500 of this money for his own use. Rooney had accepted the remaining $3000 without intending in fact to kill Donald Burke. Id., 171. When it became clear that Rooney would neither kill her husband nor return the money, Geraldine Burke had arranged with John McGann and James Hope, the defendant in this case, for Donald Burke to be killed at the Burke home. Id., 172–73. On these facts, we determined that the evidence supported the finding of the trial court that McGann, because of his secret retention of the $500, had committed murder for pecuniary gain. Nonetheless, because Geraldine Burke did not know of McGann's fraudulent retention of this money, we held that the hiring relationship required by the statute was absent. Accordingly, we concluded that "the circumstances of [McGann's] involvement in the murder of Donald Burke [did] not bring him within the category of 'hired assassin' that the legislature sought to punish for the offense of capital felony" murder. Id., 178. We ordered McGann's acquittal of that felony but remanded the case for his resentencing on the lesser included crime of murder.

As the state acknowledges, the defendant can no longer be tried on a charge of capital felony murder

in light of our determination that McGann was not a hired assassin under the terms of § 53a-54b (2). It was never alleged that the defendant was himself hired for pecuniary gain. He cannot be held liable as an accessory on this charge in the absence of evidence that anyone else committed a capital felony murder. The specific issue on which the trial court ruled, in its mid-trial dismissal of the charge of capital felony murder contained in count two of the indictment, is therefore moot. There is no meaningful relief that we could afford the state on that issue even if we were to conclude that the trial court had erroneously considered this motion during the defendant's trial or that the trial court had erred in its substantive resolution of the matters raised by the motion to dismiss. *Hartford Principals' & Supervisors' Assn.* v. *Shedd,* 202 Conn. 492, 496–98, 522 A.2d 264 (1987); *Shays* v. *Local Grievance Committee,* 197 Conn. 566, 571–74, 499 A.2d 1158 (1985).

The parties urge us nonetheless to hear their claims with regard to the state's contention that the state can still try the defendant either as a principal or as an accessory to murder. The questions they have raised include the following: (1) Was the trial court correct in ruling that an indictment that fails to allege an essential element of the crime charged cannot be amended without resubmission of the case to the indicting grand jury? (2) Was the trial court correct in ruling that an indictment that is void in its entirety precludes the state from pursuing a lesser included offense? (3) Should this appeal be dismissed because the state is barred from retrying the defendant by principles of double jeopardy arising both out of the defendant's acquittal of the conspiracy count and out of the mid-trial dismissal of the capital felony murder count with prejudice?

The one thing that is clear about these disputed issues is that they raise questions of considerable difficulty that may seriously implicate a number of significant

constitutional rights. We have no way of predicting which of these questions would again be raised in the future were the state to elect to reprosecute the defendant for the murder of Donald Burke. At the moment, all we have before us is a case in which we can order no immediately effective relief because the defendant concededly cannot be retried for capital felony murder. In these circumstances, discretionary prudential concerns counsel against our undertaking to render an opinion that would, in effect, be merely advisory. *Pellegrino* v. *O'Neill,* 193 Conn. 670, 683, 480 A.2d 476, cert. denied, 469 U.S. 875, 105 S. Ct. 236, 83 L. Ed. 2d 176 (1984); *Reply of the Judges,* 33 Conn. 586 (1867); see also *Motor Vehicle Manufacturers Assn. of the United States, Inc.* v. *O'Neill,* 203 Conn. 63, 75, 523 A.2d 486 (1987).

The appeal by the state is dismissed as moot.