EDGEWOOD VILLAGE, INC., ET AL. *v.* HOUSING AUTHORITY OF THE CITY OF NEW HAVEN
(AC 17806)

O'Connell, C. J., and Lavery and Spear, Js.

Argued March 15—officially released July 6, 1999

*Barbara L. Cox,* with whom, on the brief, was *William F. Gallagher,* for the appellants (plaintiffs).

*Lee Kennedy Tiernan,* for the appellee (defendant).

*Opinion*

O'CONNELL, C. J. The plaintiffs, Edgewood Village, Inc., and Edgewood Neighborhood Association, Inc., appeal from the dismissal of their action for lack of personal jurisdiction due to the plaintiffs' failure to use a proper summons in the commencement of their action. We conclude that the plaintiffs' case is moot and, therefore, decline to review the appeal.

The plaintiffs commenced this action against the defendant housing authority of the city of New Haven (housing authority) concerning certain New Haven property adjacent to property owned by Edgewood Village, Inc., and acquired by the housing authority. The complaint alleged that while the housing authority initially published a public hearing notice regarding its potential acquisition of the property, the notice did not describe the intended use of the property for a housing project. As a result, the plaintiffs claim that they were deprived of the opportunity to comment on the acquisition of the subject property. The complaint further alleged that the housing authority failed to comply with its own rules regarding the acquisition of property and also failed to maintain the property adequately, thereby adversely affecting the value of the property owned by Edgewood Village, Inc. The complaint, dated July 14,

1997, requested that the court issue a permanent injunction prohibiting the housing authority from renting the subject property.

The plaintiffs also filed an application for an ex parte temporary injunction prohibiting the housing authority from renting the subject property. On July 16, 1997, the trial court issued the temporary injunction enjoining the housing authority from leasing, transferring or otherwise utilizing the property, pending further order of the court.

On August 20, 1997, the housing authority moved to dismiss the action claiming, inter alia, that the trial court lacked personal jurisdiction over the housing authority because the plaintiffs' summons did not contain a proper return date or date for filing an appearance. The trial court dismissed the action and vacated the injunction for lack of personal jurisdiction.[1]

On October 30, 1997, the plaintiffs served a second complaint, identical to the first complaint, but this time using a proper summons. On November 7, 1997, the housing authority removed the second action to the United States District Court for the District of Connecticut.[2] On November 13, 1997, the plaintiffs timely appealed the judgment of dismissal in their first action. Subsequent to the filing of the appellate briefs in this case, but prior to oral argument, the United States District Court remanded the plaintiffs' second action to the state court.[3]

---

[1] Subsequent to the trial court's vacating the injunction, the housing authority leased the subject premises to a tenant who remains in occupancy today.

[2] No restraining order or temporary injunction has been issued by the District Court.

[3] On November 24, 1997, prior to the federal court remanding the plaintiffs' second action to the state court, the housing authority moved to dismiss the plaintiffs' appeal on a number of grounds, including mootness. On January 28, 1998, this court denied the motion to dismiss. This court is not, however, precluded from reconsidering the mootness question at this time. *Nicoll* v. *State*, 38 Conn. App. 333, 335, 661 A.2d 101 (1995). Prior to the date set for oral argument, we instructed counsel to be prepared to address the issue of whether the case was moot due to the filing of the second case.

" 'Mootness implicates the subject matter jurisdiction of this court.' *Sadlowski* v. *Manchester*, 206 Conn. 579, 583, 538 A.2d 1052 (1988)." *Gagnon* v. *Planning Commission*, 24 Conn. App. 413, 415, 588 A.2d 1385 (1991), aff'd, 222 Conn. 294, 608 A.2d 1181 (1992). "The test for determining mootness of an [issue on] appeal is whether there is any practical relief this court can grant the appellant. *Citicorp Mortgage, Inc.* v. *Hairston*, 34 Conn. App. 138, 139, 640 A.2d 146 (1994). [I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . If no practical relief can be afforded to the parties, the appeal must be dismissed. . . . *Gagnon* v. *Planning Commission*, [supra, 415–16]." (Internal quotation marks omitted.) *ALCA Construction Co.* v. *Waterbury Housing Authority*, 49 Conn. App. 78, 81, 713 A.2d 886 (1998).

In this case, the plaintiffs have filed an identical lawsuit to the one that was dismissed. Because both actions demand the same relief, the legal redress that the plaintiffs seek is available to them in their pending action. If this court were to reverse the trial court's dismissal and order this case reinstated, the plaintiffs could not be afforded any further relief than that which they can obtain in the second case, which is pending in the trial court. The relief that a court must be able to provide should be "meaningful"; *State* v. *Hope*, 203 Conn. 420, 424, 524 A.2d 1148 (1987); *State* v. *Klinger*, 50 Conn. App. 216, 223 n.7, 718 A.2d 446 (1998); and where meaningful relief cannot be afforded, an appeal will be dismissed as moot. *State* v. *Hope*, supra, 424.[4]

---

[4] Furthermore, if we were to reverse the trial court's dismissal and reinstate the plaintiffs' first case, the plaintiffs would have two virtually identical cases pending before the same court. "The prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be

As indicated previously, the allegations contained in the plaintiffs' complaints in both actions are identical and the actions arise from the same factual background. We conclude, therefore, that no meaningful relief can be afforded.

The appeal is dismissed as moot.

In this opinion the other judges concurred.

any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction. . . . *Halpern* v. *Board of Education*, 196 Conn. 647, 652–53, 495 A.2d 264 (1985)." (Internal quotation marks omitted.) *Cumberland Farms, Inc.* v. *Groton*, 247 Conn. 196, 216, 719 A.2d 465 (1998). The policy of the prior pending action doctrine—that multiple identical suits cannot coexist—is applicable to our determination that the reinstatement of the plaintiff's action is not practical relief to which it is entitled.