[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Maryann Salvato ("claimant") filed a claim for unemployment compensation benefits against her former employer, Children's Health Care ("employer"), of Wilton. The claimant had been employed as business manager and stated that she left her job on or about March 22, 1999 because she was not being paid on the scheduled date. The employer contends that the claimant CT Page 3411 voluntarily quit her job without sufficient cause attributable to the employer.
An examiner for the named defendant, the administrator of the Unemployment Compensation Act (administrator). General Statutes § 31-222 et seq., granted the claimant's application for unemployment compensation benefits on the basis that she had left employment for good cause attributable to the employer because of the latter's failure to pay wages due the claimant in a timely fashion.
Pursuant to General Statutes §§ 31-241, and 31-242, the employer appealed the administrator's decision to the employment security appeals division, where it was referred to an appeals referee for a hearing de novo. The referee determined that the employer failed "repeatedly" to pay wages to the claimant when due. The referee also found that the employer had threatened to cease pay medical insurance benefits. The referee concluded that the claimant had demonstrated good cause for leaving her job. Thus, the referee affirmed the administrator's decision granting compensation.
The employer appealed this decision to the employment security appeals division board of review (board) in accordance with General Statutes §§ 31-249 and 31-249a, contending that the claimant had left her job voluntarily and not because of good cause attributable to the employer. The board adopted the referee's findings of fact and conclusion of eligibility, ruling that the claimant quit her employment for justifiable reasons attributable to the employer. The board cited General Statutes § 31-71b(a) which provides that checks paid to an employee must be "negotiable" in order to constitute proper payment of wages. The board found that the employer's bank refused to honor the claimant's final wage check, and that on other occasions the claimant was told by the employer to wait beyond the scheduled pay day to cash her checks. Thus, according to the board, the claimant left her employment "with good cause attributable to the employer."
The employer, Children's Health Care, hereinafter referred to as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b. The plaintiff contends that the claimant quit her job voluntarily and should be ineligible for compensation. CT Page 3412
The board filed a return of record pursuant to General Statutes § 31-249b, and a hearing was held before this court on December 10, 1999. This court has been furnished twin guideposts by the Supreme Court in connection with its task of reviewing unemployment compensation appeals. The first is that "[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantesv. Administrator 177 Conn. 132, 136, 411 A.2d 921 (1979). "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274(c)." (Citations omitted; internal quotation marks omitted.) Mattatuck Museum-Mattatuck HistoricalSociety v. Administrator, 238 Conn. 273, 278, 679 A.2d 347
(1996).
Secondly, the Supreme Court has also held that a trial court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService. Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988). This role was recently reiterated in a case involving the Uniform Administrative Procedures Act, when the Appellate Court said that "the trial court is not sitting as a court of equity, but rather, is extremely limited in its role." Johnstonv. Salinas, 56 Conn. App. 772, 776, ___ A.2d ___ (2000).
"As a general rule, "[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the CT Page 3413 administrative agency is highly relevant.'" United ParcelService. Inc. v. Administrator, supra, 209 Conn. 386. Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v. Commission onHospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986). "The Superior Court. therefore, is bound by the findings of subordinate facts and the reasonable conclusions of fact made by the appeals referee." (Internal quotation marks omitted.) Latinav. Administrator, 54 Conn. App. 154, 159, 733 A.2d 885 (1999).
As a preliminary matter, it should be noted that General Statutes § 31-249b provides, in pertinent part, that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book."
Practice Book § 519(a), now Practice Book § 22-9(a) provides in pertinent part: "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses."
Practice Book § 22-4 provides in pertinent part that if an appellant wants the board's findings corrected, he or she must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by the entire transcript or portions thereof.
Practice Book § 22-9(b) provides in pertinent part: "Corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence." See also Regs., Conn. State Agencies, §31-237g-51a.
In Calnan v. Administrator, 43 Conn. App. 779, 785,686 A.2d 134 (1996), the court stated that filing a motion with the board CT Page 3414 for correction of the findings "is a necessary prerequisite to a challenge to the board's decision." Accord Chavez v.Administrator, 44 Conn. App. 105, 106-07, 686 A.2d 1014 (1997). Thus, in the absence of a motion to correct pursuant to Practice Book § 22-4, the board's factual findings and those conclusions which are based on the weight of evidence and credibility of witnesses cannot be challenged successfully.
Furthermore, in this present appeal, the defendant correctly points out in its motion for judgment that the plaintiff, a limited liability corporation, is attempting to file a pro se appearance in this court. However, "[i]n Connecticut, a corporation may not appear pro se. . . ." (Internal quotation marks omitted.) Expressway Associates II v. Friendly Ice CreamCorp. of Connecticut, 34 Conn. App. 543, 546, 642 A.2d 62, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994). The present appeal is subject to dismissal on this ground alone. Id., 551.
Even reviewing this appeal on its merits, it must be noted that the role of the court in deciding this appeal is to determine only whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnanv. Administrator, supra, 43 Conn. App. 785.
General Statutes § 31-236(a)(2)(A) provides in pertinent part that an individual is ineligible for benefits if "he has left suitable work voluntarily and without good cause attributable to the employer." See also § 31-236-17(b) of the Regulations of Connecticut State Agencies.
Section 31-236-18 of the Regulations of Connecticut State Agencies defines "voluntary leaving" as involving "the specific intentional act of terminating [one's] own employment." Section31-236-19 of the Regulations states that in order to find that an employee left work for good cause attributable to the employer, it must appear that the reason for leaving "relates to wages, hours or working conditions which comprise the employment that the individual voluntarily left."
In the present case, the board determined that the plaintiff left her job with good cause attributable to the employer. "An individual leaves suitable work for cause within the meaning of the statute, when he leaves employment for reasons which would impel the ordinary reasonable person to leave and which provide CT Page 3415 the individual with no reasonable alternative but to terminate his employment. . . . As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists." (Citations omitted; internal quotation marks omitted.)Acro Technology. Inc. v. Administrator 25 Conn. App. 130, 135,593 A.2d 154 (1991).
The conclusion of eligibility for benefits is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator. 192 Conn. 104,112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113. See also Church Homes. Inc. v. Administrator,250 Conn. 297, 303, 735 A.2d 805 (1999).
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence to justify the conclusions it reached concerning the circumstances under which the claimant left her employment. The decision of the board is logically supported by the record and is not unreasonable, arbitrary, illegal or an abuse of discretion. Latina v.Administrator, supra, 54 Conn. App. 164. Therefore, the defendant's motion (#101) for judgment dated September 7, 1999, is granted. The board of review's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
William B. Lewis, Judge