******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## CATHERINA CAMERON *v.* JAVIER SANTIAGO
## (AC 46440)

Moll, Clark and Seeley, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant for, inter alia, alleged assault arising out of a sexual encounter between the parties. The plaintiff alleged that the defendant had not complied with the terms of the plaintiff's consent to the encounter because he did not wear a condom during the entirety of the encounter. The plaintiff brought two prior actions against the defendant, a small claims matter in which the court rendered judgment for the defendant, and an action in the Superior Court alleging breach of contract that resulted in a stipulated judgment for the plaintiff. The trial court in the present case held a pretrial conference, during which it stated that the plaintiff could not continue retrying the case against the defendant. Thereafter, the court issued a written order dismissing the action sua sponte with prejudice, concluding that the plaintiff's claims involved the same parties and factual allegations as her two prior actions. In a subsequent articulation, the court compared the facts of the present case to those of the breach of contract action and explained that its dismissal was based on the prior pending action doctrine. The court also applied this court's holding in *Edgewood Village, Inc.* v. *Housing Authority* (54 Conn. App. 164), and concluded that it could not afford meaningful relief to the plaintiff and that the action, therefore, was moot because both of the plaintiff's actions demanded the same relief, which was available to her via the stipulated judgment rendered in the "prior pending action." On the plaintiff's appeal to this court, *held*:

1. The trial court deprived the plaintiff of procedural due process by sua sponte dismissing her action without giving her notice and affording her an opportunity to be heard with respect to the grounds on which the court based its dismissal: the plaintiff was entitled to adequate notice of the issues that the court intended to address at the pretrial conference, and the court never gave the plaintiff an opportunity to be heard on any of the grounds that it raised sua sponte and on which it based its dismissal of the action; moreover, a court does not have the right to raise sua sponte the prior pending action rule when a moving party has not done so and, accordingly, the court exceeded its authority by acting sua sponte on those grounds as a basis to dismiss the action; furthermore, once the court determined that the plaintiff's action might be moot, it was required to give the parties an opportunity to address the issue, so that they could be heard on the matter, which the court failed to do.

2. The trial court incorrectly concluded that, pursuant to this court's decision in *Edgewood Village, Inc.*, it could not afford the plaintiff any practical relief and that her action was, therefore, moot: although the trial court's application of *Edgewood Village, Inc.*, was premised on its determination that the present action and the plaintiff's prior breach of contract action demanded the same relief, which the court concluded was available to the plaintiff via her stipulated judgment in "her prior pending action," namely, the breach of contract action, the breach of contract action had already concluded in a stipulated judgment, and, as a result, there was nothing pending before the court that would have rendered the present action moot; moreover, both actions, although related to the same underlying incident, did not involve identical allegations, and practical relief could be afforded to the plaintiff if she were to prevail on her claims in the present action, so long as she could prove her damages in connection therewith.

Submitted on brief November 14, 2023—officially released February 20, 2024

*Procedural History*

Action to recover damages for, inter alia, the defendant's alleged assault, and for other relief, brought to the Superior Court in the judicial district of Meriden,

where the court, *Riley*, *J.*, rendered judgment dismissing the action, from which the plaintiff appealed to this court; thereafter, the trial court, *Riley*, *J.*, denied the plaintiff's motion to reargue and for reconsideration, and the plaintiff filed an amended appeal. *Reversed*; *further proceedings*.

*Catherina Cameron*, self-represented, filed a brief as the appellant.

*Opinion*

SEELEY, J. The self-represented plaintiff, Catherina Cameron, appeals from the judgment of the trial court dismissing, sua sponte, her action against the defendant, Javier Santiago.[1] On appeal, she claims that the court deprived her of procedural due process by sua sponte dismissing her action, with prejudice, without giving her notice and an opportunity to be heard with respect to the grounds on which the court based its dismissal. We agree with the plaintiff and reverse the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. In July, 2016, the plaintiff and the defendant had a sexual encounter in a hotel room. According to the plaintiff, the defendant did not comply with the terms of her consent to that sexual encounter because he did not wear a condom during the entirety of the sexual encounter. In February, 2018, the plaintiff filed a small claims action against the defendant seeking $5000 for medical expenses and pain and suffering stemming from the 2016 sexual encounter with the defendant, alleging that, following the encounter, she experienced anxiety and fear about becoming pregnant or contracting a sexually transmitted disease. In the small claims matter, the court rendered judgment for the defendant after finding that the plaintiff had "failed to prove by a fair preponderance of the evidence her claim for medical expenses and pain and suffering from an alleged sexual assault by the defendant."

Thereafter, in June, 2019, the plaintiff brought an action against the defendant in the Superior Court for breach of contract. The complaint in the breach of contract action, which detailed the same 2016 sexual encounter, alleged that the defendant had failed to pay the plaintiff certain sums of money pursuant to agreements entered into by the parties. In November, 2021, the plaintiff and the defendant entered into a stipulated judgment in the breach of contract action, pursuant to which the defendant is required to pay the plaintiff $10,000 by November, 2024. The defendant has not yet made any payment pursuant to that judgment.

In May, 2022, the plaintiff commenced the present action, alleging that the defendant did not comply with the terms of her consent to the 2016 sexual encounter by failing to wear a condom during the entirety of the sexual encounter. On March 3, 2023, the plaintiff filed an amended complaint alleging claims for assault, battery, intentional and negligent infliction of emotional distress, recklessness, and negligence. On March 8, 2023, the defendant filed an answer. A remote, on-the-record pretrial conference was held on April 14, 2023, at which only the plaintiff appeared and did so as a self-represented party. At the outset of the pretrial conference, the court stated to the plaintiff that, before it would

hear from her, it wanted to review the history of the case. It then proceeded to question the plaintiff several times regarding whether the facts of the present case involved the same circumstances concerning her 2016 sexual encounter with the defendant, to which she replied, "[y]es." It also questioned her regarding the two prior actions she had brought related to the 2016 sexual encounter. The court then stated: "[U]nder the law, you cannot continue to keep retrying a case, especially when you've already obtained a judgment, which you did in this case." Even though the plaintiff responded that the defendant waived any defenses, the court simply stated that the present action was brought well beyond the statute of limitations and that it would issue a written order on the matter. It then adjourned the conference.

On April 17, 2023, the court issued a written order dismissing the action sua sponte with prejudice. In the order, the court noted that the plaintiff previously had filed a small claims matter related to the 2016 sexual encounter, which resulted in a judgment for the defendant after a hearing. The court also noted the plaintiff's prior breach of contract action, which resulted in a stipulated judgment, and stated: "The plaintiff now brings this action again involving the same parties and same factual allegations. A remote, on-the-record pretrial conference was held on April 14, 2023. The plaintiff acknowledged . . . that the claim involves the same parties and factual allegations of the two prior actions, arising from an incident which occurred on July 3, 2016. She stated she believes the defendant should be defaulted and she should be allowed to proceed, despite the matter having already gone to judgment in the [breach of contract] case. The case is dismissed with prejudice. The matter has already been adjudicated through a final stipulated judgment and the present action has been brought well past the statute of limitations." Thereafter, the plaintiff filed a motion to reargue and for reconsideration, which the court denied, and this amended appeal followed.[2]

On May 2, 2023, the plaintiff filed a motion for articulation seeking an articulation and clarification of the legal basis for the trial court's dismissal of her action with prejudice. On May 31, 2023, the court issued a written articulation of its decision. In that articulation, the court first compared the facts of the present case to those of the prior breach of contract action and explained that its dismissal was based on the prior pending action doctrine.[3] Specifically, the court stated: "In the present case, the content of the pleadings reveals that both actions arise out of the same course of conduct. Therefore, in the present case and the prior pending action, the liabilities asserted are based entirely on the same underlying facts. In each action, the plaintiff seeks to adjudicate the same underlying rights; therefore, the actions are exactly the same. Accordingly,

because the present case and the prior pending action are exactly the same . . . the court has no discretion and must dismiss the present case under the prior pending action doctrine."[4] Next, the court applied this court's holding in *Edgewood Village, Inc.* v. *Housing Authority*, 54 Conn. App. 164, 166–68, 734 A.2d 589 (1999), to the facts of the present case and concluded that it could not afford meaningful relief to the plaintiff and that the action, therefore, was moot. In particular, the court stated that "both of the plaintiff's actions here demand the same relief, which is available to her via the stipulated judgment entered in her prior pending action, and the court cannot afford her any further relief than that already pending."

I

On appeal, the plaintiff claims that the court deprived her of procedural due process by dismissing her case, sua sponte, without affording her with notice and an opportunity to be heard regarding the grounds for the court's dismissal. We agree and conclude that, under the circumstances of this case, the court's sua sponte dismissal of the action was improper.

We first set forth our standard of review and governing legal principles. "Whether a party was deprived of his [or her] due process rights is a question of law to which appellate courts grant plenary review. . . . The core interests protected by procedural due process concern the opportunity to be heard at a meaningful time and in a meaningful manner. . . . Fundamental tenets of due process require that all persons directly concerned in the result of an adjudication be given reasonable notice and opportunity to present their claims or defenses. . . . It is the settled rule of this jurisdiction, if indeed it may not be safely called an established principle of general jurisprudence, that no court will proceed to the adjudication of a matter involving conflicting rights and interests, until all persons directly concerned in the event have been actually or constructively notified of the pendency of the proceeding, and given reasonable opportunity to appear and be heard. . . . It is fundamental in proper judicial administration that no matter shall be decided unless the parties have fair notice that it will be presented in sufficient time to prepare themselves upon the issue." (Citation omitted; internal quotation marks omitted.) *Houghtaling* v. *Commissioner of Correction*, 203 Conn. App. 246, 279–80, 248 A.3d 4 (2021); see also *Coleman* v. *Bembridge*, 207 Conn. App. 28, 45, 263 A.3d 403 (2021); *Jackson* v. *Pennymac Loan Services, LLC*, 205 Conn. App. 189, 195–96, 257 A.3d 314 (2021).

Our Supreme Court has stated that, "[f]or more than a century the central meaning of procedural due process has been clear: Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified. . . . It is

equally fundamental that the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner. . . . Due process, unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances. . . . Instead, due process is a flexible principle that calls for such procedural protections as the particular situation demands. . . . [T]hese principles require that a [party] have . . . an effective opportunity to defend by confronting any adverse witnesses and by presenting his [or her] own arguments and evidence orally." (Citation omitted; internal quotation marks omitted.) *In re DeLeon J.*, 290 Conn. 371, 378, 963 A.2d 53 (2009).

In the present case, the plaintiff was entitled to adequate notice of the issues that the court intended to address at the pretrial conference. The court, furthermore, never gave the plaintiff an opportunity to be heard on any of the grounds that it raised sua sponte and on which it based its dismissal of the action. Accordingly, the court improperly considered and based its dismissal of the action on issues that the plaintiff had no notice would be addressed at the pretrial conference and without giving the plaintiff an opportunity to respond to and address the issues raised. The court's sua sponte dismissal of the action, therefore, violated the plaintiff's right to procedural due process and cannot stand. See, e.g., *Jackson* v. *Pennymac Loan Services, LLC*, supra, 205 Conn. App. 194–98 (court violated plaintiffs' rights to due process when it granted defendant's motion to dismiss on ground that court raised sua sponte, as plaintiffs were not provided with notice and reasonable opportunity to submit evidence on issue).

We also address the propriety of the court's sua sponte raising issues at the pretrial conference that had not previously been raised by the parties. "[D]ue to the adversarial nature of our judicial system, [t]he court's function is generally limited to adjudicating the issues *raised by the parties* on the proof they have presented and applying appropriate procedural sanctions on motion of a party. . . . *Somers* v. *Chan,* 110 Conn. App. 511, 528, 955 A.2d 667 (2008). Additionally, it is axiomatic that parties should be afforded adequate notice of the issues the court intend[s] to address . . . . Id., 529. Thus, a trial court generally acts in excess of its authority when it raises and considers, sua sponte, issues not raised or briefed by the parties. See id. (concluding that court improperly raised and decided issues in its memorandum of decision of which parties were not afforded adequate notice); see also *Greene* v. *Keating,* 156 Conn. App. 854, 861, 115 A.3d 512 (2015) (we conclude, under the facts of this case, that the court acted in excess of its authority when it raised and considered, sua sponte, a ground for summary judgment not raised or briefed by the parties)." (Emphasis in original; internal quotation marks omitted.) *Brown-*

*stone Exploration & Discovery Park, LLC* v. *Borodkin*, 220 Conn. App. 806, 819–20, 299 A.3d 1189 (2023).

An exception to the general rule that a court is limited to adjudicating issues raised by the parties is that a court may, sua sponte, raise an issue relating to its subject matter jurisdiction, which "involves the authority of the court to adjudicate the type of controversy presented by the action before it." (Internal quotation marks omitted.) *Tirado* v. *Torrington*, 179 Conn. App. 95, 100, 179 A.3d 258 (2018). As this court has stated previously, "[t]he subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Internal quotation marks omitted.) Id. In the present case, however, the tort statute of limitations in General Statutes § 52-577 and the prior pending action doctrine do not implicate subject matter jurisdiction. See *Orticelli* v. *Powers*, 197 Conn. 9, 16–17, 495 A.2d 1023 (1985) (statute of limitations in § 52-577 is procedural rather than jurisdictional, which renders it subject to waiver; therefore, trial court erred in raising issue of statute of limitations contained in § 52-577 sua sponte and applying it to bar cause of action); *Tirado* v. *Torrington*, supra, 101 n.7 ("[a]lthough subject matter jurisdiction may be raised at any time, a court is limited in its ability to raise, sua sponte, the issue of lack of subject matter jurisdiction for a plaintiff's failure to timely commence an action, where the statute of limitations 'is procedural and personal rather than substantive or jurisdictional and is thus subject to waiver' "); see also *Luongo Construction & Development, LLC* v. *MacFarlane*, 176 Conn. App. 272, 284, 170 A.3d 57 (prior pending action doctrine "does not truly implicate subject matter jurisdiction" (internal quotation marks omitted)), cert. denied, 327 Conn. 988, 175 A.3d 562 (2017). Moreover, this court has stated previously that a court "does not have the right to raise, sua sponte, the prior pending action rule when the moving party has not done so. To do so would preclude the opposing party from any opportunity to argue that the doctrine does not apply." *Conti* v. *Murphy*, 23 Conn. App. 174, 178, 579 A.2d 576 (1990). Accordingly, the court exceeded its authority by acting sua sponte on those grounds as a basis to dismiss the action. See *Doe* v. *Flanigan*, 201 Conn. App. 411, 434, 243 A.3d 333 ("'[a] trial court lacks authority to render summary judgment on grounds not raised or briefed by the parties that do not involve the court's subject matter jurisdiction' "), cert. denied, 336 Conn. 901, 242 A.3d 711 (2020).

Furthermore, even though mootness implicates a court's subject matter jurisdiction and "can be raised at any stage of the proceedings"; (internal quotation marks omitted) *GMAT Legal Title Trust 2014-1, U.S. Bank, National Assn.* v. *Catale*, 213 Conn. App. 674, 694, 278 A.3d 1057, cert. denied, 345 Conn. 905, 282

A.3d 980 (2022); a court must still comply with the requirements of due process and provide the parties with notice that the issue is being raised and a meaningful opportunity to be heard thereon. *Barros* v. *Barros*, 309 Conn. 499, 507, 72 A.3d 367 (2013) (to satisfy procedural due process, "[p]arties whose rights are to be affected are entitled to be heard" (internal quotation marks omitted)); see, e.g., *Stamford Property Holdings, LLC* v. *Jashari*, 218 Conn. App. 179, 191 and n.10, 291 A.3d 117 (because this court raised mootness issue sua sponte, parties were notified to be prepared to address issue of whether appeal was moot at oral argument), cert. denied, 347 Conn. 901, 296 A.3d 840 (2023); *Taber* v. *Taber*, 210 Conn. App. 331, 336 n.3, 269 A.3d 963 (2022) (parties were given opportunity to file supplemental briefs on issue of whether portion of appeal was moot when mootness issue was raised by this court after oral argument); *Kloiber* v. *Jellen*, 207 Conn. App. 616, 620–21, 263 A.3d 952 (2021) (parties were given opportunity to file supplemental briefs on issue of standing that was raised by this court following oral argument); see generally *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 128, 84 A.3d 840 (2014) (when reviewing court raises issue that parties did not raise, parties must be given opportunity to be heard on issue). Therefore, once the court determined that the plaintiff's action might be moot, it was required to give the parties the opportunity to address the issue, so that they could be heard on the matter.

II

Although our conclusion that the plaintiff was denied procedural due process is dispositive of this appeal, we also address the plaintiff's claim challenging the court's determination that, pursuant to this court's decision in *Edgewood Village, Inc.* v. *Housing Authority*, supra, 54 Conn. App. 166–68, it could not afford the plaintiff any practical relief and that her action is moot, as this issue concerns the court's subject matter jurisdiction and will likely arise on remand. "Mootness [is a threshold issue that] implicates subject matter jurisdiction, which imposes a duty on the [trial] court to dismiss a case if the court can no longer grant practical relief to the parties." (Internal quotation marks omitted.) *We the People of Connecticut, Inc.* v. *Malloy*, 150 Conn. App. 576, 581, 92 A.3d 961 (2014). "Since mootness implicates subject matter jurisdiction and raises a question of law, our review . . . is plenary." *Drabik* v. *East Lyme*, 97 Conn. App. 142, 145, 902 A.2d 727 (2006).

An overview of our decision in *Edgewood Village, Inc.*, is first necessary. In that case, the plaintiffs appealed to this court from the trial court's dismissal of their action against the defendant, which was based on the fact that "the plaintiffs' summons did not contain a proper return date or date for filing an appearance."

*Edgewood Village, Inc.* v. *Housing Authority*, supra, 54 Conn. App. 166. After the dismissal of their action, the plaintiffs, this time using a proper summons, served a second complaint, which was identical to the first complaint. Id. On appeal, this court concluded: "In this case, the plaintiffs have filed an identical lawsuit to the one that was dismissed. Because both actions demand the same relief, the legal redress that the plaintiffs seek is available to them in their pending action. If this court were to reverse the trial court's dismissal and order this case reinstated, the plaintiffs could not be afforded any further relief than that which they [could] obtain in the second case, which is pending in the trial court. The relief that a court must be able to provide should be 'meaningful' . . . ." (Citations omitted.) Id., 167. This court, therefore, dismissed the appeal as moot. Id., 168.

In *Edgewood Village, Inc.*, the central basis for our determination that the appeal was moot was the fact that the plaintiffs had brought another identical action that sought identical relief and was pending in the trial court. Id., 167. As a result, even if this court reversed the judgment of dismissal in the first action in *Edgewood Village, Inc.*, the plaintiffs "could not be afforded any further relief than that which they [could] obtain in the second case, which [was] pending in the trial court." Id. In the present case, the trial court's application of *Edgewood Village, Inc.*, was premised on its determination that the present action and the plaintiff's prior breach of contract action both demand the same relief, which the court concluded was available to the plaintiff via her stipulated judgment in "her prior pending action," namely, the breach of contract action. The court therefore concluded that it could not "afford her any further relief than that already pending." The plaintiff's prior breach of contract action against the defendant, however, already had concluded in a stipulated judgment. As a result, there is nothing pending in the trial court that would render the present action moot. Moreover, both actions, although related to the same underlying incident, do not involve identical allegations. Practical relief could be afforded to the plaintiff if she were to prevail on any of her claims in the present action, so long as she can prove her damages in connection therewith and the defendant fails to plead and prove a dispositive special defense. Accordingly, the court's finding of mootness was based on a misreading of this court's decision in *Edgewood Village, Inc.*

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.

[1] The defendant did not file a brief or otherwise participate in this appeal. As a result, on September 7, 2023, this court ordered "that the appeal shall be considered on the basis of the appellant's brief and, if applicable, the appendix, the record, as defined by Practice Book [§] 60-4, and oral argument, if not waived by the appellant or the court. Pursuant to Practice Book [§] 70-4, oral argument by the appellee will not be permitted." Subsequently,

the plaintiff waived oral argument before this court.

[2] We note that the plaintiff amended her appeal to include a challenge to the trial court's decision denying her motion to reargue and for reconsideration. The plaintiff, however, never filed supplemental briefing addressing that decision, and her appellate brief is devoid of any argument relating to the trial court's decision denying her motion to reargue and for reconsideration. We, therefore, deem any claim relating thereto abandoned due to inadequate briefing. See *DeRose* v. *Jason Robert's, Inc.*, 191 Conn. App. 781, 800, 216 A.3d 699, cert. denied, 333 Conn. 934, 218 A.3d 593 (2019).

[3] "[T]he prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction. . . . The policy behind the doctrine is to prevent unnecessary litigation that places a burden on crowded court dockets." (Internal quotation marks omitted.) *Barbara* v. *Colonial Surety Co.*, 221 Conn. App. 337, 351 n.13, 301 A.3d 535, cert. denied sub nom. *Colonial Surety Co.* v. *Phoenix Contracting Group*, 348 Conn. 924, 304 A.3d 443 (2023). "In *Salem Park, Inc.* v. *Salem*, 149 Conn. 141, 176 A.2d 571 (1961), our Supreme Court overruled a plea in abatement made on the ground that a prior action involved the same land and the same issues on the basis that the judgment in the prior action had been rendered and had not been set aside. *Salem Park, Inc.*, espouses the principle that if a judgment in a prior action has been rendered and has not been set aside on appeal, there is no action pending within the meaning of the prior pending action doctrine. . . . [Moreover] [o]nce a case has been withdrawn . . . there is no action pending to implicate the prior pending action doctrine." (Citation omitted; internal quotation marks omitted.) *710 Long Ridge Operating Co. II, LLC* v. *Stebbins*, 153 Conn. App. 288, 293 n.7, 101 A.3d 292 (2014).

[4] Notably, the court did not specifically refer to the prior pending action doctrine during the pretrial conference. Following our review of the transcript of the pretrial conference and the court's written order, we conclude that it is apparent from the court's comments during the pretrial conference, when compared to its written order, that the court was alluding to its belief that the action had to be dismissed pursuant to the prior pending action doctrine, although it did not use those words.