RAYMOND GODAIRE *v.* FREEDOM OF
INFORMATION COMMISSION ET AL.
(AC 34652)

Lavine, Bear and Sheldon, Js.

Argued January 15—officially released April 2, 2013

*Raymond Godaire*, pro se, the appellant (plaintiff).

*Lisa Fein Siegel*, commission counsel, with whom, on the brief, was *Colleen M. Murphy*, general counsel, for the appellee (named defendant).

*Daniel Shapiro*, assistant attorney general, with whom, on the brief, was *George Jepsen*, attorney general, for the appellee (defendant department of public health).

*Opinion*

PER CURIAM. The sole issue presented in this appeal is whether the trial court erred in dismissing the plaintiff's administrative appeal from a final decision of the

defendant freedom of information commission (commission)[1] for lack of subject matter jurisdiction. The ground for dismissal was the plaintiff's failure to serve the commission with a copy of his administrative appeal within forty-five days of the mailing of the final decision therein complained of, as required by General Statutes § 4-183 (c).[2] Although the plaintiff's admittedly late service of his administrative appeal is claimed to have resulted from misinformation he had received from a court clerk in the judicial district of New London as to how he was required to serve his appeal, we conclude that his late appeal cannot be saved from dismissal under the doctrine of equitable tolling[3] because the

[1] The plaintiff also named the department of public health and its commissioner as defendants.

[2] General Statutes § 4-183 provides in relevant part: "(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. The filing of a petition for reconsideration is not a prerequisite to the filing of such an appeal. . . .

"(c) (1) Within forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, or (2) within forty-five days after the agency denies a petition for reconsideration of the final decision pursuant to subdivision (1) of subsection (a) of section 4-181a, or (3) within forty-five days after mailing of the final decision made after reconsideration pursuant to subdivisions (3) and (4) of subsection (a) of section 4-181a or, if there is no mailing, within forty-five days after personal delivery of the final decision made after reconsideration pursuant to said subdivisions, or (4) within forty-five days after the expiration of the ninety-day period required under subdivision (3) of subsection (a) of section 4-181a if the agency decides to reconsider the final decision and fails to render a decision made after reconsideration within such period, whichever is applicable and is later, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the Attorney General in Hartford and file the appeal with the clerk of the superior court for the judicial district of New Britain or for the judicial district wherein the person appealing resides or, if that person is not a resident of this state, with the clerk of the court for the judicial district of New Britain. . . ."

[3] The doctrine of equitable tolling does not apply to circumstances in which the time limitation implicates subject matter jurisdiction. *Williams v. Commission on Human Rights & Opportunities*, 257 Conn. 258, 777 A.2d 645 (2001).

forty-five day service requirement established by § 4-183 (c) is jurisdictional in nature, and thus cannot be waived or circumvented for any reason. See *Glastonbury Volunteer Ambulance Assn., Inc.* v. *Freedom of Information Commission*, 227 Conn. 848, 854–56, 633 A.2d 305 (1993) ("The legislature intended the forty-five day time limitation for filing of an appeal under the [Uniform Administrative Procedure Act] to remain a prerequisite to subject matter jurisdiction. . . . If there is no service at all on the agency within the forty-five day period, the court lacks subject matter jurisdiction over the appeal by virtue of the clear implication of the language in § 4-183 (c) . . . ." [Citations omitted; internal quotation marks omitted.]).

Here, because it is conceded that the plaintiff failed to serve the commission with his administrative appeal until fifty-three days after the appealed from final decision was mailed to him, the trial court lacked subject matter jurisdiction over that appeal. Accordingly, the trial court properly dismissed the plaintiff's appeal.

The judgment is affirmed.