******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

KACEY LEWIS *v.* FREEDOM OF
INFORMATION COMMISSION
(AC 42997)

Moll, Alexander and DiPentima, Js.

*Syllabus*

The plaintiff appealed to this court from the judgment of the trial court
dismissing his appeal from the final decision of the defendant Freedom
of Information Commission for lack of subject matter jurisdiction. The
ground for dismissal was the plaintiff's failure to file his administrative
appeal in the Superior Court within forty-five days of the mailing of the
defendant's final decision, as required by statute (§ 4-183 (c)). *Held* that
the trial court properly dismissed the plaintiff's appeal for lack of subject
matter jurisdiction; although a court clerk improperly refused to file the
plaintiff's appeal because he did not effect service through a marshal,
contrary to the express statutory language of § 4-183, this rejection
occurred after the time limitation for filing the appeal had already
expired and, thus, even if the clerk had accepted and filed the plaintiff's
appeal when the papers arrived, the plaintiff's appeal would have still
been untimely.

Submitted on briefs October 7, 2020—officially released February 16, 2021

*Procedural History*

Appeal from the decision of the defendant dismissing
the plaintiff's complaint regarding a records request he
submitted to the Department of Correction, brought to
the Superior Court in the judicial district of New London,
where the matter was transferred to the judicial
district of New Britain; thereafter, the court, *Hon.
Henry S. Cohn*, judge trial referee, granted the defendant's
motion to dismiss and rendered judgment dismissing
the appeal, from which the plaintiff appealed
to this court. *Affirmed.*

*Kacey Lewis*, self-represented, filed a brief as the
appellant (plaintiff).

*Kathleen K. Ross*, commission counsel, and *Colleen
M. Murphy*, general counsel, filed a brief for the appellee
(defendant).

*Opinion*

ALEXANDER, J. The self-represented plaintiff, Kacey Lewis, appeals from the judgment of the trial court dismissing his administrative appeal from the final decision of the defendant, the Freedom of Information Commission, for lack of subject matter jurisdiction on the ground that he failed to file his administrative appeal with the Superior Court within the time requirement of General Statutes § 4-183 (c). On appeal, the plaintiff claims that the trial court erred by (1) dismissing his appeal because the clerk of the court, either negligently or intentionally, gave him incorrect instructions regarding the service of the appeal and did not file his appeal in July, 2018, thereby wrongfully making his filing untimely, and (2) denying his application for the issuance of subpoenas by finding that any additional testimony would be irrelevant. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. On or about July 12, 2017, the plaintiff, who is incarcerated, submitted a written request to the Department of Correction (department) to review and inspect certain documents. On or about July 21, 2017, the Freedom of Information Administrator for the department acknowledged the plaintiff's request. On July 27, 2017,[1] the plaintiff filed an appeal with the defendant alleging that the department had violated the Freedom of Information Act, General Statutes § 1-200 et seq., by failing to promptly provide the requested records. A hearing was held on January 19, 2018, and on May 25, 2018, the defendant mailed to the plaintiff notice of its final decision to dismiss his complaint.[2]

On June 14, 2018, the plaintiff signed his fee waiver application and subsequently mailed the application, an appeal of the defendant's final decision, and a civil summons to the Superior Court in the judicial district of New London. The plaintiff's fee waiver was granted on June 28, 2018. In an undated letter, a temporary assistant clerk at the court informed the plaintiff that his fee waiver had been granted, his civil summons had been signed, and he was responsible for serving the appeal on the defendant using the services of a state marshal. The clerk further instructed the plaintiff that "[o]nce the [s]tate [marshal] has given you the return of service that the defendant has been served, please send all originals [to the court] including the [f]ee [w]aiver so that the case [may] be initiated."

On July 6, 2018, the plaintiff mailed his approved application for fee waiver, civil summons, and notice of appeal (collectively, appeal papers) to a state marshal in Hartford and requested that she serve the appeal papers on the defendant at its Hartford office. On or about July 24, 2018, the appeal papers were returned

to the plaintiff with an attached note that the marshal "is unavailable." On July 24, 2018, the plaintiff served the defendant by certified mail. On that same day, the plaintiff mailed his appeal papers to the court along with a signed affidavit attesting that he had served the defendant by certified mail. On or about July 26, 2018, the clerk's office sent the plaintiff a notice by mail indicating that his papers were being returned, and included the message that "[a]ffidavit of service is provided by the [marshal]. Please contact the [marshal] [who] served the summons and complaint and return all paper work to court."

On August 24, 2018, the plaintiff sent his appeal papers by certified mail to the court with a note informing the clerk's office that he had served the defendant by certified mail and, therefore, a state marshal was not required to serve the defendant with the appeal papers. On September 10, 2018, the plaintiff received a letter from the clerk's office indicating that his appeal papers again were being returned and informing him that his affidavit constituted insufficient proof of service because "[t]he [c]ourt requires that a 'Green Card' from the post office be submitted to prove that service was made on the [d]efendant." On September 14, 2018, the plaintiff mailed the appeal papers along with the "Green Card" from the post office to the court. On October 10, 2018, the plaintiff's appeal papers were accepted for filing in the court.[3]

On November 26, 2018, the defendant filed a motion to dismiss the appeal, with an accompanying memorandum of law, arguing that the court lacked subject matter jurisdiction over the plaintiff's appeal because he had failed to serve and file his appeal within forty-five days of the mailing of the final decision of the defendant, as required by § 4-183 (c), excluding any proper tolling.[4] On March 11, 2019, the plaintiff filed his objection to the defendant's motion and an accompanying memorandum, arguing, inter alia, that his service was proper and that the filing of his appeal was timely "notwithstanding the clerk's office at New London JD returning his appeal unfiled multiple times for specious reasons." On April 3, 2019, the plaintiff applied for an issuance of subpoenas for the clerk and the marshal seeking their testimony and any documents concerning the filing of his appeal. The defendant filed a reply to the plaintiff's objection to its motion to dismiss on April 22, 2019, in which it conceded that it had been timely served pursuant to § 4-183 (c) and (m),[5] but maintained the argument that the plaintiff had failed to file his administrative appeal timely with the court because the appeal was filed on October 10, 2018, beyond the forty-five day limitation of § 4-183 (c).

A hearing was held on May 1, 2019, and, on May 6, 2019, the court issued its memorandum of decision dismissing the plaintiff's appeal for lack of subject mat-

ter jurisdiction. The court determined that the plaintiff's appeal had not been filed until October 10, 2018, beyond the forty-five day statutory time period of § 4-183 (c). It also denied the plaintiff's application for the issuance of subpoenas. This appeal followed.

The plaintiff contends that his appeal was timely filed on July 24, 2018, and that, but for impropriety by the court clerk, he met the time limitation under § 4-183 (c) for filing an administrative appeal. The defendant argues that the plaintiff's appeal was not filed until October 10, 2018, outside the time limitation of § 4-183 (c). We conclude that the plaintiff's appeal was not filed within the time limitation of § 4-183 (c) and, accordingly, affirm the judgment of the trial court.

"We begin our discussion by setting forth the well settled standard of review that governs an appeal from a judgment granting a motion to dismiss on the ground of a lack of subject matter jurisdiction. A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A court deciding a motion to dismiss must determine not the merits of the claim or even its legal sufficiency, but rather, whether the claim is one that the court has jurisdiction to hear and decide. . . . [B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Emphasis omitted; internal quotation marks omitted.) *Godbout* v. *Attanasio*, 199 Conn. App. 88, 95, 234 A.3d 1031 (2020). "[F]ailure to meet the time limitation [of § 4-183 (c) is] a subject matter jurisdictional defect." *Glastonbury Volunteer Ambulance Assn., Inc.* v. *Freedom of Information Commission*, 227 Conn. 848, 854, 633 A.2d 305 (1993).

It is well established that "[t]here is no absolute right of appeal to the courts from a decision of an administrative agency. . . . The [Uniform Administrative Procedures Act, General Statutes § 4-166 et seq.] grants the Superior Court jurisdiction over appeals of agency decisions only in certain limited and well delineated circumstances. . . . It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation." (Citation omitted; internal quotation marks omitted.) *Pine* v. *Dept. of Public Health*, 100 Conn. App. 175, 180, 917 A.2d 590 (2007).

Appeals to the Superior Court from a final decision of an agency are governed by § 4-183. In *Glastonbury Volunteer Ambulance Assn., Inc.* v. *Freedom of Information Commission*, supra, 227 Conn. 852–53, our Supreme Court articulated that § 4-183 (c) requires that the service *and* the filing of such an appeal must occur within the forty-five day statutory time period of § 4-183 (c). The court concluded that a failure to meet

either of these requirements within the forty-five day time limitation constitutes a subject matter jurisdictional defect. Id., 854.

The record reflects that the defendant issued its Notice of Final Decision and mailed the same to the plaintiff on May 25, 2018. Pursuant to § 4-183 (c), the plaintiff was then required to file his appeal within forty-five days after the notice was mailed. However, § 4-183 (m) provides that "[t]he filing of the application for the [fee] waiver shall toll the time limits for the filing of an appeal until such time as a judgment on such application is rendered." In the present case, the plaintiff applied for a fee waiver on June 14, 2018, which was granted on June 28, 2018. The parties agreed that the plaintiff had until July 24, 2018, to complete the service and filing of the appeal.[6]

The defendant does not challenge that the plaintiff's service on it by certified mail on July 24, 2018, constituted timely service.[7] The plaintiff, however, did not file his appeal properly by that date. In an affidavit submitted to the trial court, the plaintiff indicated that on July 24, 2018, he mailed his appeal papers to the Superior Court by standard mail. Although *service* by certified mail is effective upon deposit in the mail under § 4-183 (c), there is no similar provision concerning the *filing* of an appeal thereunder. Proper filing is effective when received by the clerk's office.[8] The record reflects that the plaintiff's filing was placed in standard mail on July 24, 2018, and returned to the plaintiff on July 26, 2018. Although the record does not indicate the exact date the clerk's office received the plaintiff's filing, given the plaintiff's affidavit that he did not place his filing into the standard mail until July 24, 2018, it would not have been received by the clerk's office until July 25, at the earliest. We agree, therefore, with the trial court's finding that the appeal was filed untimely and required dismissal.

The plaintiff contends that any untimeliness of his appeal was caused by misinformation given to him by the clerk and the clerk's misreading of the applicable statutes, and that his appeal was timely filed on July 24, 2018, and should proceed. We disagree. In *Godaire* v. *Freedom of Information Commission*, 141 Conn. App. 716, 718, 62 A.3d 598 (2013), the plaintiff claimed that his administrative appeal was served late because of misinformation he had received from a court clerk at the Superior Court in the judicial district of New London. The defendants moved to dismiss for lack of subject matter jurisdiction and the trial court dismissed the appeal. Id., 717–18.

This court affirmed the judgment of dismissal stating that, "[a]lthough the plaintiff's admittedly late service of his administrative appeal is claimed to have resulted from misinformation he had received from a court clerk in the judicial district of New London as to how he was

required to serve his appeal, we conclude that his late appeal cannot be saved from dismissal under the doctrine of equitable tolling because the forty-five day service requirement established by § 4-183 (c) is jurisdictional in nature, and thus cannot be waived or circumvented for any reason." (Footnote omitted.) Id., 718–19. The misinformation provided by the clerk to the plaintiff was not dispositive because the plaintiff always was within his abilities to review the statute and serve the commission by certified mail within the statutory time frame. He was not required to rely on the information provided by the clerk. Because the plaintiff relied on the information provided by the clerk and ultimately served and filed his appeal late, the judgment of dismissal was affirmed.

In the present case, the plaintiff was initially informed by the clerk of the court that service had to be completed by a marshal. This information was incorrect. Notwithstanding this misinformation, he timely and properly served the defendant by certified mail in accordance with § 4-183 (c). On July 26, 2018, the clerk, contrary to the express statutory language of § 4-183, refused to file the appeal because the plaintiff did not effect service through a marshal. The rejection, however, occurred *after* the time limitation for filing the plaintiff's appeal had already expired. Thus, even if we were to agree with the plaintiff that the clerk should have accepted and filed his appeal when the papers initially arrived, these documents did not arrive at the court within the statutory time requirement for filing, on or before July 24, 2018. We conclude, therefore, that the trial court properly dismissed this action for lack of subject matter jurisdiction on the ground that the plaintiff failed to comply with the forty-five day time limit for filing.[9]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The complaint was dated July 25, 2017, and filed on July 27, 2017.

[2] The final decision was dated May 23, 2018, and the Notice of Final Decision was dated and mailed on May 25, 2018.

[3] On November 8, 2018, the case was transferred to the judicial district of New Britain.

[4] General Statutes § 4-183 (c) provides in relevant part: "(1) Within forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the Attorney General in Hartford and file the appeal with the clerk of the superior court for the judicial district of New Britain or for the judicial district wherein the person appealing resides . . . . Within that time, the person appealing shall also serve a copy of the appeal on each party listed in the final decision at the address shown in the decision, provided failure to make such service within forty-five days on parties other than the agency that rendered the final decision shall not deprive the court of jurisdiction over the appeal. Service of the appeal shall be made by United States mail, certified or registered, postage prepaid, return receipt requested, without the use of a state marshal or other officer, or by personal service by a proper officer or indifferent person making service in the same manner as complaints are served in ordinary civil actions. If service of the appeal is made by mail, service shall be effective upon

deposit of the appeal in the mail."

[5] General Statutes § 4-183 (m) provides in relevant part: "The filing of the application for the waiver shall toll the time limits for the filing of an appeal until such time as a judgment on such application is rendered."

[6] The record reflects that the plaintiff's application for a waiver of fees was file-stamped on June 18, 2018. The trial court acknowledged this date and calculated the plaintiff's filing deadline as July 9, 2018. The court noted that "[t]he parties do not dispute that under . . . § 4-183 (c) and (m) the appeal had to be filed in court by July 24, 2018." The court further stated that its calculation yielding a July 9, 2018 deadline "is not necessarily determinative as the appeal was not filed until October 10, 2018."

For purposes of this appeal, even if we analyze the plaintiff's claim that the deadline for service and filing of his appeal in the Superior Court was July 24, 2018, we still affirm the judgment of the trial court dismissing the plaintiff's appeal because the plaintiff did not *file* his appeal on or before that date.

[7] General Statutes § 4-183 (c) provides in relevant part: "Service of the appeal shall be made by United States mail, certified or registered, postage prepaid, return receipt requested, without the use of a state marshal or other officer . . . . If service of the appeal is made by mail, service shall be effective upon deposit of the appeal in the mail." The plaintiff's service on the defendant was, therefore, effective on July 24, 2018.

[8] See *Glastonbury Volunteer Ambulance Assn., Inc.* v. *Freedom of Information Commission*, supra, 227 Conn. 853 (reviewing legislative history of § 4-183 (c) and determining that "[t]he commentary to . . . the proposal makes clear not only that service must be made within forty-five days, but that [t]he appeal must also be filed in the court within forty-five days" (internal quotation marks omitted)).

[9] We acknowledge that our rationale slightly differs from that of the trial court. Nevertheless, "[i]t is axiomatic that [w]e may affirm a proper result of the trial court for a different reason." (Internal quotation marks omitted.) *Rafalko* v. *University of New Haven*, 129 Conn. App. 44, 51 n.3, 19 A.3d 215 (2011).

Because we conclude that the plaintiff's appeal was untimely filed, thereby depriving the trial court of subject matter jurisdiction, we need not address whether the trial court improperly denied the plaintiff's application for the issuance of subpoenas.