******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STEVEN BERGLASS, TRUSTEE (STEVEN BERGLASS
REVOCABLE LIVING TRUST) *v.* HEIDI
DWORKIN ET AL.
(AC 46424)

Moll, Westbrook and Pellegrino, Js.

*Syllabus*

The plaintiff appealed from the trial court's judgment dismissing his action, which sought, inter alia, an injunction requiring the defendants to cease construction on an inground pool at their property, which adjoined property owned by the plaintiff. The plaintiff claimed, inter alia, that the court improperly dismissed his action without providing notice and an opportunity to be heard following a hearing on his motion for a temporary injunction, to which the defendants had filed an objection. *Held*:

The trial court improperly dismissed, sua sponte, the entirety of the plaintiff's complaint as moot, an issue that was not raised in the defendants' objection to the plaintiff's motion for a temporary injunction, as, although the court could have raised the issue of mootness sua sponte regarding the plaintiff's action rather than considering only the motion for a temporary injunction, the court expressly informed the parties that it would decide only whether the plaintiff's motion for a temporary injunction was moot and that the merits of the complaint would be determined at a later date, and, therefore, the plaintiff had no warning or notice that his entire action, rather than his motion for a temporary injunction, was subject to dismissal by the court, which deprived the plaintiff of due process.

The trial court's factual findings regarding the merits of the plaintiff's complaint were clearly erroneous, as the court did not hold a hearing and no evidence was presented to support such findings.

Argued June 2—officially released September 2, 2025

*Procedural History*

Action seeking, inter alia, an injunction requiring the defendants to cease certain construction on their property until a proper coastal site plan review and engineered design has been obtained, and other relief, brought to the Superior Court in the judicial district of New Haven, where the plaintiff filed a motion for a temporary injunction, to which the defendants filed an objection; thereafter, the court, *Wilson, J.*, rendered judgment dismissing the action, from which the plaintiff appealed to this court. *Reversed*; *further proceedings*.

*Michael S. Taylor*, with whom were *Brendon P. Levesque* and, on the brief, *Corinne A. Burlingham* and *Keith R. Ainsworth*, for the appellant (plaintiff).

*Michael T. Cretella*, with whom, on the brief, was *Samantha R. Guere*, for the appellees (defendants).

*Opinion*

PELLEGRINO, J. The plaintiff, Steven Berglass, trustee of the Steven Berglass Revocable Living Trust, appeals from the judgment of the trial court dismissing his complaint against the defendants, Heidi Dworkin and Jay Dworkin. On appeal, the plaintiff claims that the court improperly dismissed his action without providing notice and the opportunity to be heard following a hearing on the plaintiff's motion for a temporary injunction, to which the defendants had filed an objection. He further claims that the court improperly made findings of fact in the absence of any evidence. We agree with the plaintiff as to both of his claims, and, accordingly, reverse the judgment of the trial court.

The following facts, as alleged in the plaintiff's complaint and construed in his favor,[1] and procedural history are relevant to our resolution of this appeal. In count one of his complaint dated April 5, 2022, the plaintiff alleged that the defendants own property adjacent to property owned by the plaintiff. Both properties are located on King's Highway in Milford. On or about March 30, 2022, the defendants began the construction of an inground swimming pool within a few feet of a seawall that ran contiguous to the properties. The plaintiff alleged that the construction of the pool presented a reasonable likelihood of impairment to both coastal resources and neighboring properties, as the pool was not designed to minimize interference with sediment and the deflection of wave energy or to be anchored

---

[1] See *Hepburn* v. *Brill*, 348 Conn. 827, 831 n.2, 312 A.3d 1 (2024); *SG Pequot 200, LLC* v. *Fairfield*, 223 Conn. App. 333, 339, 308 A.3d 123, cert. denied, 348 Conn. 954, 309 A.3d 304 (2024).

to the subsurface ledge so as to prevent the pool from becoming dislodged during flooding, which could potentially damage the nearby structures. Additionally, this pool was within the definition of a flood and erosion control structure as defined by the Connecticut Coastal Management Act, General Statutes § 22a-109 (b) and (c) (act), but had not been subject to the required coastal site plan review. The plaintiff further alleged that the defendants' planned pool posed a threat that would impact sediment transport and potentially cause greater erosion.

In count two of the complaint, the plaintiff incorporated most of the allegations set forth in count one and further asserted that the proposed pool, in the absence of a coastal site plan review and appropriate engineering design, was an unreasonable act and violated the public trust protected by the act. In his demand for relief, the plaintiff sought, inter alia, injunctive relief and reasonable attorney's fees.[2]

On April 6, 2022, the plaintiff filed a motion for a temporary injunction and an order to show cause pursuant to General Statutes §§ 52-471[3] and 22a-

[2] Specifically, the plaintiff requested:

"1. Declaratory and injunctive relief against the defendants, requiring [them] to refrain from construction of their in-ground pool structure until a proper coastal site plan review and engineered design has been obtained pursuant to General Statutes §§ 22a-16 and 52-471.

"2. The reasonable attorney's fees and costs of this action pursuant to General Statutes § 22a-18 (e).

"3. That the court exercise its continuing jurisdiction to ensure that the defendants [restore] the buffer area in between the seawall and the [defendants'] home and [reorient] the pool structure.

"4. Any other legal or equitable relief which the court in its discretion deems proper."

[3] General Statutes § 52-471 (a) provides: "Any judge of any court of equitable jurisdiction may, on motion, grant and enforce a writ of injunction, according to the course of proceedings in equity, in any action for equitable relief when the relief is properly demandable, returnable to any court, when the court is not in session. Upon granting of the writ, the writ shall be of force until the sitting of the court and its further order thereon unless sooner lawfully dissolved."

16.[4] Specifically, he requested that the court issue an order directing the defendants, their agents, and any person under their control to cease all construction related to the pool. In support of this motion, the plaintiff asserted that the construction of the defendants' pool would violate the General Statutes and Milford zoning regulations and that there was a reasonable likelihood that the construction would endanger the public trust in coastal resources and the plaintiff's home during a coastal storm event. The plaintiff further stated that there was no adequate remedy at law other than an injunction to prevent the defendants from causing immediate and irreparable harm.[5]

[4] General Statutes § 22a-16 provides in relevant part: "[A]ny person, partnership, corporation, association, organization or other legal entity may maintain an action in the superior court for the judicial district wherein the defendant is located, resides or conducts business . . . for declaratory and equitable relief against . . . any person . . . acting alone, or in combination with others, for the protection of the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction . . . ."

[5] This court has recited the following well settled standard regarding a motion for a temporary injunction. "In general, a court may, in its discretion, exercise its equitable power to order a temporary injunction pending final determination of the order, upon a proper showing by the movant that if the injunction is not granted he or she will suffer irreparable harm for which there is no adequate remedy at law. . . . A party seeking injunctive relief must demonstrate that: (1) it has no adequate remedy at law; (2) it will suffer irreparable harm without an injunction; (3) it will likely prevail on the merits; and (4) the balance of equities tips in its favor. . . . The plaintiff seeking injunctive relief bears the burden of proving facts which will establish irreparable harm as a result of that violation. . . . Moreover, [t]he extraordinary nature of injunctive relief requires that the harm complained of is occurring or will occur if the injunction is not granted. Although an absolute certainty is not required, it must appear that there is a substantial probability that but for the issuance of the injunction, the party seeking it will suffer irreparable harm. . . . Further, [a] party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law. The allegations and proof are conditions precedent to the granting of an injunction." (Citation omitted; internal quotation marks omitted.) *United Public Service Employees Union, Cops Local 062* v. *Hamden*, 209 Conn. App. 116, 123–24, 267 A.3d 239 (2021); see also *Aqleh* v. *Cadlerock Joint Venture II, L.P.*, 299 Conn. 84, 97–98, 10 A.3d 498 (2010).

A remote hearing regarding the plaintiff's motion for a temporary injunction was scheduled for May 3, 2022, and then for June 20, 2022, but did not occur on either of those dates. On November 16, 2022, the defendants filed an objection to the plaintiff's motion for a temporary injunction. Therein, they argued that, prior to hearing evidence from the parties regarding the injunction sought by the plaintiff, the court needed to determine whether his motion was moot. The defendants asserted that the construction of the pool had been completed, and, therefore, the court "[could not] grant the specific relief requested in [the plaintiff's] motion for temporary injunction." As a result, the court lacked subject matter jurisdiction with respect to the plaintiff's motion for a temporary injunction.

The same day, the plaintiff filed a response to the defendants' objection. At the outset, the plaintiff claimed that the defendants' objection was, in effect, a motion to dismiss.[6] Next, he disputed the defendants' claim that the court could not provide the plaintiff with any practical relief. The court conducted a hearing on November 17, 2022.

At the outset of the hearing, the court established the scope of the proceeding: "*This is a hearing specifically on, as it has been docketed, the plaintiff's motion for a temporary injunction. I want to be clear I'm not hearing the merits of the underlying complaint*. . . . [T]here is an objection to the motion for temporary injunction based on mootness which implicates the court's subject matter jurisdiction." (Emphasis added.) The defendants' counsel represented that the construction of the pool had been completed,[7] and, therefore,

---

[6] See, e.g., *State* v. *Taylor*, 91 Conn. App. 788, 791–92, 882 A.2d 682 (numerous cases have recognized that motion is to be decided on basis of substance of relief sought rather than on form or label affixed to motion), cert. denied, 276 Conn. 928, 889 A.2d 819 (2005).

[7] The defendants' counsel represented to the court that construction of the pool had been completed substantially by July, 2022, and that the final inspections of the construction had occurred in September, 2022.

the court could not grant the specific relief that had been requested by the plaintiff in his motion for a temporary injunction, that is, an order stopping the construction of the pool. The defendants' counsel emphasized that the only relief sought in the plaintiff's motion was an order that the construction of the pool cease. He agreed with the court, however, that the complaint sought additional relief beyond that which was stated in the motion for a temporary injunction.

In addressing the plaintiff's counsel, the court remarked: "Pursuant to your motion for a temporary injunction . . . you indicated that the scope of the relief requested is a temporary injunction. That's what this is down for today. I'm not here to hear the merits of the case. You're [going to] get your trial on that." Following a colloquy regarding the reasons for the delay of the hearing, the court asked the plaintiff's counsel to identify where in the motion for a temporary injunction he had requested injunctive relief in addition to stopping the construction of the pool. The plaintiff's counsel responded that, at the time that his motion was filed, the construction of the pool was ongoing. The court responded: "That may be and you may . . . have redress as to that, but today . . . it's down for a hearing on a temporary injunction pursuant to the motion for the temporary injunction. You may very well get injunctive relief as you so frame it to be in the underlying case . . . . You may get all of that. You may be successful. That's the merits. I'll get you a quick hearing on the merits, too, but I'm talking specifically about the requested relief in the motion for temporary injunction."

During his response, the plaintiff's counsel indicated that he was requesting the court to consider ordering the defendants to "tear down" the pool structure. The court noted that this request was not part of the motion for a temporary injunction. The plaintiff's counsel maintained that destruction of the pool was "one of the

potential solutions" to the matter. The court iterated that such a request was not part of the temporary injunction that presently was before it and that the relief requested in the plaintiff's motion was "very, very specific."

The court further explained to counsel that it was "not taking one step further on the merits of the injunction until the—the jurisdictional issue is resolved." Later, the court stated to the plaintiff's counsel that it would consider any authority to support the claim that it had jurisdiction over the motion for a temporary injunction seeking to have the defendants cease and desist construction of the pool, even though such construction had been completed. It cautioned the plaintiff's counsel, however, that the only matter it would consider would be whether the court had jurisdiction as to the plaintiff's efforts to obtain a temporary injunction and the relief requested in that particular motion. The court further indicated that, after the jurisdictional question regarding the motion for a temporary injunction had been decided, a hearing on the merits of the plaintiff's case would be scheduled shortly thereafter. The court then discussed additional matters with counsel. The defendants' counsel remarked that they had not conducted any discovery. Additionally, although the plaintiff had disclosed two expert witnesses, the defendants had not yet retained any experts.

At the conclusion of the hearing, the court indicated that the plaintiff's counsel would have one week to file a supplemental memorandum of law regarding the defendants' efforts to dismiss his motion for a temporary injunction.[8] The defendants' counsel would then have one week to file a response. The court issued a written order regarding the deadlines for the parties'

---

[8] The court acknowledged, at that point in the hearing, that the defendants' objection was "actually a motion to dismiss . . . ."

supplemental briefing and scheduled a court trial on the merits of the plaintiff's complaint for February 8, 2023.[9] The supplemental memoranda were filed on November 23 and December 2, 2022, by the plaintiff and the defendants, respectively.

On March 15, 2023, the court issued its memorandum of decision. At the outset, the court iterated that the defendants' objection to the plaintiff's motion claimed a lack of subject matter jurisdiction on the ground of mootness and therefore would be treated as a motion to dismiss. The court then noted that the plaintiff argued that the relief he requested in his motion was broader than stopping the construction of the pool, which had been completed. The court explained that the plaintiff claimed that his complaint included a request to enforce state statutes protecting coastal resources and to protect his property from coastal erosion. The plaintiff further sought to restore the buffer area between the seawall and the defendants' home.

The court reasoned that a cause of action for injunctive relief to stop construction is moot if that project has been completed.[10] It then determined that, "[i]n the present action, the construction of the defendants' pool . . . has been finished for several months; therefore,

---

[9] A trial on the merits did not occur on the scheduled date of February 8, 2023.

[10] "Connecticut courts have rejected injunctive remedies on the ground of mootness where the issue before the court has been resolved or has lost its significance because of intervening circumstances. See *Waterbury Hospital* v. *Connecticut Health Care Associates*, 186 Conn. 247, 249–52, 440 A.2d 310 (1982) (court dismissed as moot plaintiff's request for injunctive relief to restrain picketing during strike because strike and picketing had ended while appeal was pending); *Daley* v. *Gaitor*, 16 Conn. App. 379, 381 n.2, 547 A.2d 1375 (court dismissed as moot plaintiff's request to enjoin city of Hartford from administering promotional examination to police officers following city's promotion of officers during pendency of appeal), cert. denied, 209 Conn. 824, 552 A.2d 430 (1988)." *Connecticut Coalition Against Millstone* v. *Rocque*, 267 Conn. 116, 126, 836 A.2d 414 (2003).

there can be no injunctive relief to stop the construction. As the pool has been fully constructed, the claims for injunctive relief are moot." After discussing various cases, the court stated that the plaintiff was not seeking an order to prevent the defendants from using their pool and that the destruction of the pool would not provide the plaintiff with any practical relief.

The court expanded its consideration of the jurisdictional analysis to the plaintiff's complaint, going beyond the question of whether the motion for a temporary injunction was moot. It concluded that it was not practical to order the defendants to anchor the pool to the seawall, as the plaintiff had suggested in his supplemental memorandum. Without having conducted an evidentiary hearing, the court found that such anchoring "would not prevent the type of harm such as erosion, flooding, and potential damage to property that [the plaintiff] seeks to prevent. If a storm dislodged the pool, anchors might also be dislodged. Anchoring to the seawall could potentially damage the seawall, which would lead to a greater threat of flooding and erosion. Reorientation of the pool is also not practical because it would require destruction of the pool [which would be impractical]." Ultimately, the court concluded that the plaintiff's entire case was moot because it could not afford the plaintiff any practical relief and dismissed the plaintiff's complaint.

On March 28, 2023, pursuant to Practice Book § 11-11, the plaintiff moved for reargument and reconsideration of the court's order and entry of judgment. Specifically, the plaintiff asserted that the sole issue raised in the defendants' objection was whether the motion for a temporary injunction was moot because the construction of the pool had been completed and the plaintiff could not obtain any practical relief in that regard. He also claimed that no affidavits had been filed to provide a basis for the court to find facts in its memorandum

of decision regarding the practicality and potential negative effects of anchoring the pool to the seawall. The plaintiff further contended that such facts could not be judicially noticed. The defendants filed an opposition on April 6, 2023.

On April 10, 2023, the court issued an order denying the plaintiff's motion for reconsideration and reargument. Citing to Practice Book § 11-12 (c), and this court's decision in *Opoku* v. *Grant*, 63 Conn. App. 686, 692–93, 778 A.2d 981 (2001), the trial court concluded: "Because this court did not overlook any controlling principles of law or misapprehend any facts in its decision, [the plaintiff's] motion for reconsideration is denied." This appeal followed. Additional facts will be set forth as necessary.

On appeal, the plaintiff principally claims that the court improperly dismissed the case on the basis of grounds not raised in the defendants' opposition to his motion for a temporary injunction and that this deprived him of notice and an opportunity to respond. Specifically, the plaintiff argues that our rules of practice and due process require that he be afforded notice and a meaningful opportunity to be heard on the issues before the court dismissed the complaint. We agree.

"We begin our discussion by setting forth the well settled standard of review that governs an appeal from a judgment granting a motion to dismiss on the ground of a lack of subject matter jurisdiction. A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A court deciding a motion to dismiss must determine not the merits of the claim or even its legal sufficiency, but rather, whether the claim is one that the court has jurisdiction to hear and decide. . . . [B]ecause [a] determination regarding a trial

court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *Lewis* v. *Freedom of Information Commission*, 202 Conn. App. 607, 612, 246 A.3d 507 (2021); see also *Derblom* v. *Archdiocese of Hartford*, 203 Conn. App. 197, 206, 247 A.3d 600 (2021), aff'd, 346 Conn. 333, 289 A.3d 1187 (2023).

"Mootness . . . implicates subject matter jurisdiction, which imposes a duty on the [trial] court to dismiss a case if the court can no longer grant practical relief to the parties. . . . Mootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties. . . . A case becomes moot when due to intervening circumstances a controversy between the parties no longer exists." (Citations omitted; internal quotation marks omitted.) *We the People of Connecticut, Inc.* v. *Malloy*, 150 Conn. App. 576, 581, 92 A.3d 961 (2014).

In this appeal, the plaintiff asserts that he was denied his rights to notice and the opportunity to be heard in violation of his due process rights and our rules of practice. This court recently stated: "Whether a party was deprived of his [or her] due process rights is a question of law to which appellate courts grant plenary review. . . . The core interests protected by procedural due process concern the opportunity to be heard at a meaningful time and in a meaningful manner. . . . Fundamental tenets of due process require that all persons directly concerned in the result of an adjudication be given reasonable notice and opportunity to present their claims or defenses. . . . It is the settled rule of this jurisdiction, if indeed it may not be safely called an established principle of general jurisprudence, that no court will proceed to the adjudication of a matter involving conflicting rights and interests, until all persons directly concerned in the event have been actually

or constructively notified of the pendency of the proceeding, and given reasonable opportunity to appear and be heard. . . . It is fundamental in proper judicial administration that no matter shall be decided unless the parties have fair notice that it will be presented in sufficient time to prepare themselves upon the issue. . . .

"Our Supreme Court has stated that, [f]or more than a century the central meaning of procedural due process has been clear: Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified. . . . It is equally fundamental that the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner. . . . Due process, unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances. . . . Instead, due process is a flexible principle that calls for such procedural protections as the particular situation demands. . . . [T]hese principles require that a [party] have . . . an effective opportunity to defend by confronting any adverse witnesses and by presenting his [or her] own arguments and evidence orally." (Citations omitted; internal quotation marks omitted.) *Cameron* v. *Santiago*, 223 Conn. App. 836, 842–43, 310 A.3d 391 (2024); see also *Pritchard* v. *Pritchard*, 103 Conn. App. 276, 287–88, 928 A.2d 566 (2007). Simply stated, "[a] party also has a right to fair notice that a court may render a judgment with respect to a given issue." (Internal quotation marks omitted.) *Haynes Construction Co.* v. *Cascella & Son Construction, Inc.*, 36 Conn. App. 29, 36, 647 A.2d 1015, cert. denied, 231 Conn. 916, 648 A.2d 152 (1994).

We are guided by this court's decision in *Jackson* v. *Pennymac Loan Services, LLC*, 205 Conn. App. 189, 257 A.3d 314 (2021). In that case, the plaintiffs alleged that the defendant had failed to provide a timely release

of their mortgage in violation of General Statutes § 49-8 (c). Id., 191. After filing an answer and special defenses, the defendant moved to dismiss the action on the basis of lack of subject matter jurisdiction because the plaintiffs were not aggrieved classically or statutorily. Id., 193. In the alternative, the defendant moved for summary judgment. Id. The trial court granted the defendant's motion to dismiss, not on a basis raised in that motion, but on the basis that the plaintiffs failed to comply with the provisions of § 49-8 as alleged in the complaint. Id. "Although the court never notified the plaintiffs that it was considering granting the motion to dismiss on grounds that it had raised sua sponte concerning the plaintiffs' compliance with the statutory demand notice requirements in § 49-8 (c), it, nonetheless, did so." Id.

On appeal, the plaintiffs claimed that, in dismissing their action on a basis it raised sua sponte, the court violated their right to due process. Id., 194. "The plaintiffs specifically contend that the defendant did not raise in its motion to dismiss the issue of their alleged failure to satisfy the statutory demand notice requirements in § 49-8 (c), and that the court did not give them notice or an opportunity to be heard and present evidence of their compliance on that issue before it determined that their failure to satisfy those statutory requirements caused them to lack standing." Id. In agreeing with the plaintiffs, we first observed that the question of whether a party has been deprived of due process presents a question of law. Id., 194–95. Next, this court explained that the issue of the plaintiffs' purported failure to comply with the requirements of § 49-8 was not raised by the defendant in its motion to dismiss, the accompanying memorandum of law, or during argument on the motion to dismiss. We then stated: "A fundamental premise of due process is that a court cannot adjudicate any matter unless the parties

have been given a reasonable opportunity to be heard on the issues involved . . . . Generally, when the exercise of the court's discretion depends on issues of fact which are disputed, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses. . . . We conclude that the court improperly addressed, sua sponte, the issue of the plaintiffs' alleged noncompliance with the statutory demand notice requirements in § 49-8 (c) without first providing the plaintiffs with notice or a reasonable opportunity to submit evidence of their compliance with those requirements. Additionally, the plaintiffs did not have an opportunity to contest whether they were required to demonstrate on the notice that was attached to the complaint that the notice had been received by the defendant mortgagee or its attorney." (Citations omitted; internal quotation marks omitted.) Id., 195–96. Finally, we noted that, if the defendant wanted to place the plaintiffs on notice that it sought to have its motion granted on the basis of noncompliance with the requirements of § 49-8, "it needed to raise the issue in connection with its motion to dismiss." (Emphasis omitted.) Id., 197; see also *Brownstone Exploration & Discovery Park, LLC* v. *Borodkin*, 220 Conn. App. 806, 820, 299 A.3d 1189 (2023) (trial court generally acts in excess of its authority when it sua sponte raises and considers issues not raised or briefed by parties); *Haynes Construction Co.* v. *Cascella & Son Construction, Inc.*, supra, 36 Conn. App. 36–37 (when trial court surprises party by deciding case on claim that was not presented to it, that party obviously is not in position to counter said claim).

In the present case, the defendants filed an objection to the plaintiff's motion for a temporary injunction, which the court and the parties treated as a motion to dismiss. During the hearing, the court frequently and

unequivocally indicated that the scope of the proceedings would be limited to whether the motion for a temporary injunction was moot and that it would not consider the merits of the underlying complaint. For example, the court stated: "What's only [going to] be considered is [the] motion for [a] temporary injunction and the relief requested therein [and the defendants' objection thereto] . . . ." Later, the court noted that its decision would be "on the present motion for a temporary injunction that's before me." The court also instructed the plaintiff's counsel to identify where in the motion for a temporary injunction he had requested injunctive relief other than ceasing the construction of the pool. It distinguished the relief requested in the motion for a temporary injunction as compared with that sought in the complaint. Finally, the court discussed with counsel scheduling another hearing to address the merits of the plaintiff's complaint. It is clear, therefore, that the plaintiff had no warning or notice that his entire complaint, rather than this motion for a temporary injunction, was subject to dismissal by the court.

We acknowledge that the trial court certainly could have sua sponte raised the issue of mootness regarding the plaintiff's complaint rather than considering only the motion for a temporary injunction. As this court has stated, "[t]he subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings . . . ." (Internal quotation marks omitted.) *Cameron* v. *Santiago*, supra, 223 Conn. App. 845; see also *Stafford* v. *Commissioner of Correction*, 207 Conn. App. 85, 94, 261 A.3d 791 (2021). Nevertheless, "a court must still comply with the requirements of due process and provide the parties with notice that the issue is being raised and a meaningful

opportunity to be heard thereon.'' *Cameron* v. *Santiago*, supra, 846.

In the present matter, the court expressly informed the parties, in no uncertain terms, that it would decide only whether the plaintiff's motion for a temporary injunction was moot and that matters pertaining to the complaint would be determined at a later date. For example, at the conclusion of the November 17, 2022 hearing, the court twice told the parties that, following its ruling on the motion to dismiss the motion for a temporary injunction, the parties would receive notice of a subsequent hearing to consider the merits of the complaint. Thus, contrary to the defendants' appellate argument, the plaintiff lacked notice that his entire complaint was subject to dismissal as moot. Accordingly, we conclude that it was improper for the court, sua sponte, to dismiss the plaintiff's complaint, and this action cannot stand. See, e.g., *Pritchard* v. *Pritchard*, supra, 103 Conn. App. 288.

As a secondary matter, the plaintiff also claims that the court made ''critical factual findings without any support in the record . . . .'' Specifically, he asserts that the court improperly found that it was impractical to anchor the pool, anchoring would not prevent harm such as erosion, flooding, and potential damage to property, the anchors might also be dislodged in the event of a storm, anchoring the pool could cause damage to the seawall, which would lead to a greater threat of flooding and erosion, and reorientation of the pool would require the destruction of the pool and thus be impractical. The court concluded that ''an order to anchor or reorient the pool would not offer practical relief.'' The plaintiff maintains that the court did not hear any evidence to support these findings and, in the absence of such evidence, these findings are improper. We agree.

Our Supreme Court has stated that when issues of fact are necessary to the determination of the court's jurisdiction, due process requires that a trial-like hearing be held in which the parties are provided with an opportunity to present evidence and to cross-examine adverse witnesses. See *Conboy* v. *State*, 292 Conn. 642, 652–53, 974 A.2d 669 (2009); see also *Ruisi* v. *O'Sullivan*, 132 Conn. App. 1, 5, 30 A.3d 14 (2011); *Oxford House at Yale* v. *Gilligan*, 125 Conn. App. 464, 473, 10 A.3d 52 (2010). Such a proceeding did not occur. In the absence of a hearing and the presentation of any evidence, the court's findings regarding the anchoring of the pool to the seawall and reorientation of the pool are clearly erroneous. See *De Almeida-Kennedy* v. *Kennedy*, 207 Conn. App. 244, 253 n.8, 262 A.3d 872 (2021); see also *Goshen Mortgage, LLC* v. *Androulidakis*, 205 Conn. App. 15, 34, 257 A.3d 360, cert. denied, 338 Conn. 913, 259 A.3d 653 (2021); see generally *Nassra* v. *Nassra*, 180 Conn. App. 421, 430, 183 A.3d 1198 (2018) (court's determination is clearly erroneous when record contains no evidence to support it or reviewing court is left with definite and firm conviction that mistake has been made); *Success, Inc.* v. *Curcio*, 160 Conn. App. 153, 162, 124 A.3d 563 (same), cert. denied, 319 Conn. 952, 125 A.3d 531 (2015). Accordingly, we conclude that the court's findings are clearly erroneous in the absence of any evidentiary basis and, therefore, are vacated.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.